**Aaron Keith ROBERTSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–83–206.**

Court of Criminal Appeals of Oklahoma.

Oct. 4, 1983.

Rehearing Denied Oct. 26, 1983.

Lee Card, Ardmore, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

On appeal from a judgment and sentence rendered against him in Carter County District Court, Case No. CRF–81–159, the appellant contends that the trial court erred in vacating the order (deferring the judgment and sentence on his plea of guilty) entered over twenty (20) days after the State filed a motion to vacate the order deferring the judgment and sentence (more properly called a motion to accelerate deferred sentence).

The appellant correctly contends that the court's order vacating the order deferring the sentence was entered over twenty (20) days after the District Attorney filed a motion to vacate the order deferring the judgment and sentence, but incorrectly argues that the trial court was without jurisdiction to enter said order under 22 O.S. 1981, § 991b.

Title 22 O.S.1981, § 991b provides in part:

Whenever a sentence has been suspended by the court after conviction of a person for any crime, the suspended sen-

tence of said person may not be revoked, in whole or in part, for any cause unless a petition setting forth the grounds for such revocation is filed by the district attorney with the clerk of the sentencing court and competent evidence justifying the revocation of said suspended sentence is presented to the court at a hearing to be held for that purpose within twenty (20) days after the date of arrest.

From even the most cursory examination of Section 991b, it is readily apparent that the twenty (20) day requirement is limited to motions to *revoke.* Had the legislature desired deferred sentences to come under the twenty (20) day rule, as are suspended sentences, it could have so included them in the language of the statute. As Section 991b is totally void of the word "deferred," this Court is compelled to interpret said statute as applicable entirely to *revocation* of *suspended* sentences.

Accordingly, the judgment and sentence is AFFIRMED.

CORNISH and BRETT, JJ., concur.